486 P.2d 265

**Karl R. LEWIS, Plaintiff,**

v.

**Gus Carr ANDERSON, Judge of the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, Defendant.**

No. 10897.

Supreme Court of Idaho.

June 22, 1971.

May, May, Bennett & Sudweeks, Twin Falls, for appellant.

Leon E. Smith, Jr., Pros. Atty., and Douglas D. Kramer, Asst. Pros. Atty., Twin Falls, for appellee.

SPEAR, Justice.

On June 9, 1969, a criminal complaint was filed against Karl R. Lewis alleging that he had committed four acts of misuse of public monies while acting in his position as Justice of the Peace in Twin Falls Precinct, Buhl, Idaho. On June 16 and 17, a preliminary hearing was held and an information was issued charging plaintiff with four counts of misuse of public funds, each being a felony, and he was held to answer to the charge in the District Court of the Fifth Judicial District, Twin Falls County. Subsequently, Lewis moved for a change of venue on grounds there had been a large amount of adverse publicity resulting in inability to secure a fair trial. The Honorable Gilbert Norris, District Judge, granted the change of venue and trial was set in the District Court of the Third Judicial District, Gem County.

On the day before the trial, Lewis filed a civil suit in Twin Falls County against Elmer Wilson, one of the prosecutor's witnesses in the criminal trial. After having impaneled the jury for the criminal trial, Judge Norris read an account of the civil suit in the Idaho Statesman. Concluding that he had become prejudiced in the criminal trial by having read this newspaper account, Judge Norris dismissed the jury *sua sponte* before any witnesses had been heard, without motion or acquiescence by either party, and disqualified himself.

The trial was reset to be heard in the District Court of the Sixth Judicial District, Bannock County, before the Honorable Gus Carr Anderson, District Judge. Plaintiff, Karl Lewis, has filed this application for a peremptory writ of prohibition as an original action in the Supreme Court of Idaho pursuant to I.C. §§ 7–401–404 to permanently enjoin Judge Anderson from taking any further proceeding against Lewis and to dismiss the criminal information.

The petitioner contends that jeopardy attaches in a criminal prosecution when the first jury is impaneled. As a result, the trial continued in Bannock County before Judge Anderson and a second jury will amount to the plaintiff's being put in jeopardy a second time for the same offense in

violation of the United States [1] and Idaho [2] Constitutions.

■ It is in the sound discretion of the trial court to declare a mistrial in the interest of justice. Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); State v. Cypher, 92 Idaho 159, 438 P.2d 904 (1968). There is no double jeopardy in having been retried for the same offense after a declaration of mistrial, particularly where the dismissal was in the interest of the defendant, even when the trial court acted *sua sponte* and without the defendant's motion or consent. Gori v. United States, supra; State v. Cypher, supra. Furthermore, such action is more clearly acceptable, where, as here, the defendant has not shown that he has suffered any prejudice or disadvantage because of the dismissal of the first jury.

■ The United States Supreme Court has recently reviewed its decision in *Gori* and the possibility of double jeopardy resulting from a second trial when the first trial was terminated *sua sponte* by the trial judge. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). In *Jorn,* the Court affirmed its holding in *Gori* that the initial mistrial must have been in the interest of the defendant. However, the Court also reaffirmed standards which it had applied in previous cases involving this type of question, holding that the mistrial must have been the result of a "manifest necessity for the *sua sponte* declaration of mistrial." When a district judge has determined himself prejudiced in a defendant's case, we think that just such a manifest necessity has occurred justifying a declaration of mistrial.

■ Petitioner argues that jeopardy attaches as soon as the jury is impaneled and sworn, and a second trial for the same offense, when a mistrial has been declared without his consent, therefore constitutes double jeopardy. Neither the Supreme Court of the United States nor this court has held that jeopardy attaches at this time without a showing of other factors. In *Gori,* the district judge declared a mistrial *sua sponte* after four witnesses had been called, and in *Cypher* the district court declared a mistrial and dismissed the jury after one witness had been called and examined. In both these cases the trial court acted at a later stage of the proceeding than did Judge Norris here. Yet, in both cases, it was held that a second trial for the same offense did not cause the defendants to be put in jeopardy a second time in violation of the constitutional prohibition.

Judge Norris, having deemed himself prejudiced in Lewis' case, dismissed the jury and disqualified himself. In the words of Justice Frankfurter, " * * * we are unwilling, where it clearly appears that a mistrial has been granted in the sole interest of the defendant, to hold that its

---

1. U.S.Const. Amend. V.

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

2. Idaho Const. Art. I, § 13.

"§ 13. Guaranties in criminal actions and due process of law.—In all criminal prosecutions, the party accused shall have the right to a speedy and public trial, to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend in person and with counsel.

No person shall be twice put in jeopardy for the same offense; nor be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty or property without due process of law."

necessary consequence is to bar all retrial." Gori v. United States, 367 U.S. at 369, 81 S.Ct. at 1527.

Application for peremptory writ of prohibition denied.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.